Form 145

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**John D. Napper**
**aka Kenneth Thomas Faulisi (assignee)**
  Debtor(s)

Bankruptcy Case No.: 25−20026−CMB

Chapter: 13
Docket No.: 31

## NOTICE − REMINDER

      Pursuant to *Fed.R.Bankr.P. 5009(b),* notice is hereby given that the above−captioned case will be closed without an *Order of Discharge* unless a **Certificate of Completion of Instructional Course Concerning Personal Financial Management**, *"the Certificate",* is filed within the applicable deadline set forth in *Fed.R.Bankr.P. 1007(c)(4)(B).* The deadlines are as follows:

      ***CHAPTER 13 CASES*** *− − Fed.R.Bankr.P. 1007(c)(4)(B)* requires an individual debtor in a Chapter 13 case to file a statement regarding completion of a course in personal financial management no later than the date when the last payment was made by the Debtor as required by the *Plan* or the filing of a motion for discharge under *11 U.S.C. §1328(b).*

      ***ADDITIONAL CHAPTER 13 CASE CERTIFICATION*** *− −* *11 U.S.C. §1328* requires that as a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the Plan, Counsel for the Debtor(s), or the Debtor(s) if not represented by Counsel, shall file with the Court a certification:

      (1)  that the Debtor(s) is entitled to a discharge under the terms of *11 U.S.C. §1328* of the Bankruptcy Code;

      (2)  specifically certifying that all amounts payable under a judicial or administrative order or, by statute, requiring the Debtor(s) to pay a domestic support obligation that are due on or before the date of the Certification (including amounts due before the petition was filed, but only to the extent provided for by the Plan) have been paid;

      (3)  that the Debtor(s) did not obtain a prior discharge in bankruptcy within the time frames specified in *11 U.S.C. §1328(f)(1) or (2);*

      (4)  that the Debtor(s) has completed an instructional course concerning personal financial management within the meaning of *11 U.S.C. §1328(g)(1);* and

      (5)  that *11 U.S.C. §1328(h)* does not render the Debtor(s) ineligible for a discharge.

Dated: April 17, 2025

Michael R. Rhodes, Clerk
United States Bankruptcy Court

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-20026-CMB |
| John D. Napper | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Apr 17, 2025 | Form ID: 145 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 19, 2025:**

**Recip ID     Recipient Name and Address**
db           + John D. Napper, 913 Woodward Avenue, Mc Kees Rocks, PA 15136-2209

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Apr 19, 2025 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 17, 2025 at the address(es) listed below:**

**Name                Email Address**

Denise Carlon
    on behalf of Creditor KeyBank NA as s/b/m to First Niagara Bank NA dcarlon@kmllawgroup.com

Jeffrey Hunt
    on behalf of Creditor Sto-Rox School District jhunt@grblaw.com  skrizanic@grblaw.com;ecfweiss@grblaw.com

Keri P. Ebeck
    on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com
    btemple@bernsteinlaw.com;aepiscopo@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Richard Monti
    on behalf of Creditor Valley Waste Service rmonti@grblaw.com

Richard Monti
    on behalf of Creditor Township of Stowe rmonti@grblaw.com

| District/off: 0315-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Apr 17, 2025 | Form ID: 145 | Total Noticed: 1 |

Richard Monti
          on behalf of Creditor County of Allegheny rmonti@grblaw.com

Richard Monti
          on behalf of Creditor Sto-Rox School District rmonti@grblaw.com

Richard Monti
          on behalf of Creditor School District of Pittsburgh rmonti@grblaw.com

Rodney D. Shepherd
          on behalf of Debtor John D. Napper rodsheph@cs.com

Ronda J. Winnecour
          cmecf@chapter13trusteewdpa.com

TOTAL: 11